UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ROBINSON and KEVIN ROBINSON, <br><br> Plaintiffs, <br><br> vs. <br><br> KIA MOTORS AMERICA, INC., a California Corporation, and Does 1 through 10, inclusive, <br><br> Defendants. | **CASE NO.: 2:10-cv-03187-MCE-GGH** <br><br> *EX PARTE* DISCOVERY MATTER <br><br> Assigned to:  Hon. Gregory G. Hollows <br><br> **PROTECTIVE ORDER** <br><br> Complaint Filed: October 22, 2010 <br> Trial Date: None Set |

Based on the *ex parte* application by Kia Motors America, Inc. ("KMA") and all other papers submitted by the parties, this Court grants a Protective Order for the production of documents with the following conditions:

1. All documents and information which constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information (hereinafter referred to as the "Documents" and/or "Information")

1

produced or disclosed by KMA to plaintiffs in this Action whether voluntarily or pursuant to discovery demand or court order, and which are not already a matter of public record, shall be provided only to plaintiffs, including plaintiffs' counsel in this Action.  (Documents and Information which do not constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary information or which have already been made public are not covered by this Protective Order.)  Those persons who are employees of plaintiffs' counsel may have access to such Documents and Information on a need to know basis.  Any consultant or expert retained by plaintiffs may have access to such Documents and Information once they have agreed in writing, in the form described in paragraph 6 of this Protective Order, to abide by the provisions of this Protective Order.  This Protective Order shall not limit the plaintiffs' right to use the Documents and Information in connection with any legal proceeding related to this action, including trial or appeal.  However, said Documents and Information used in connection with any legal proceeding, including deposition testimony, related to this action may be sealed upon application of KMA and order of the Court.

    2.    Documents produced by KMA which are subject to this Protective Order entered by the Court may be marked, "Privileged and Confidential -- Subject to Protective Order," or in a similar fashion.

    3.    The Documents and any Information derived from examination of said Documents as well as any other Information provided to plaintiffs which KMA identifies as confidential shall be used only in connection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, except upon the written stipulation of the parties or order of the Court.

    4.    Plaintiffs in this Action may publish the Documents and Information produced by KMA in this Action only to those persons identified in paragraph 1

of this Protective Order who have a need to review, rely on and/or analyze such Documents and Information for the purpose of prosecuting this Action. Plaintiffs shall not provide such Documents or Information to any other person or entity for any purpose whatsoever, except as permitted by this Protective Order or by mutual consent of the parties.

5. Except as provided in paragraph 4 above, the persons covered by this Protective Order are prohibited from disseminating in any fashion, manner or method the Documents and Information produced herein by KMA, or any copies, notes, summaries, extracts or digests thereof, without the further written Stipulation of KMA or by Order of the Court.

6. Prior to the dissemination of any of the Documents or Information to any person, firm or organization, plaintiffs shall ensure that each such person, firm or organization has agreed to be subject to the jurisdiction of this Court in the event of any violation or alleged violation of this Protective Order. Plaintiffs shall not disclose, by any means whatsoever, any Documents or Information until the person, firm or organization to whom disclosure is to be made has:

(i) read this Protective Order in its entirety;

(ii) signed a copy of this Protective Order signifying agreement to its provision and consent to the jurisdiction of the Court over them.

7. Plaintiffs shall maintain a list of all persons, firms or organizations who have received Documents and/or Information. At the conclusion of this Action, plaintiffs will furnish the attorneys for KMA a list of all persons, firms or organizations, including any expert consultants not designated as expert witnesses by plaintiffs, who have received any Documents or Information, as well as the Protective Order signed by each of them.

8. The production of Documents or Information shall not constitute a waiver of KMA's claim in this Action or otherwise that said Documents or Information are privileged or are otherwise non-discoverable.

| | |
|---|---|
| 1 | 9. All Documents and Information, and copies of such materials, shall |

9. All Documents and Information, and copies of such materials, shall be surrendered to the attorneys for KMA at the conclusion of this Action, or shall be destroyed by plaintiffs. All notes, digests, summaries and extracts derived from such Documents and Information shall be destroyed by plaintiffs at the conclusion of this Action. Plaintiffs' attorneys shall certify, within twenty (20) days of the conclusion of this Action, by declaration under penalty of perjury, that the requirements of this paragraph have been met by all persons signing this Protective Order.

10. Any Documents or Information subject to this Protective Order may later be removed from the terms of this only by (a) written stipulation of the parties, (b) by written statement provided by Defendant, or (c) by order of the Court.

11. The Court shall retain jurisdiction to enforce this Protective Order after the conclusion of this Action. Any party seeking to enforce this Protective Order or claiming a breach thereof may move at a noticed hearing for contempt or for appropriate sanctions.

Additional Provisions:

Unduly excessive designation of documents as confidential may result in sanctions.

This protective order is subject to later modification upon noticed motion.

No document shall be sealed in this litigation except upon application in accordance with the local rules of this district and in accordance with applicable law regarding the sealing of documents. Procedurally, the parties must comply with E. D. Local Rules 141 and 141.1 regarding the sealing of documents.

The substantive standards set forth by the Ninth Circuit for filing documents under seal are found in Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 678 (9th Cir. 2010) and Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002).

Any confidential material filed with the court, sealed or otherwise, will not be returned at the conclusion of the litigation.

IT IS SO ORDERED.

DATED:  March 4, 2011

By:     /s/ Gregory G. Hollows
					Hon. Gregory G. Hollows
					U.S. Magistrate Judge