UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ROBINSON and KEVIN ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>KIA MOTORS AMERICA, INC., a California Corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | No.  10-cv-03187-MCE-GGH<br><br><br>**MEMORANDUM AND ORDER** |

On October 24, 2012, Kia Motors America ("Defendant") filed a Motion for Summary Judgment. (ECF No. 50).  Lisa and Kevin Robinson ("Plaintiffs") responded on November 15, 2012.  (ECF No. 53).  Relevant to this Order, the Court issued a Pretrial Scheduling Order ("PSO") on March 9, 2011. (ECF No. 19).  In the PSO, the Court ordered Plaintiffs' dispositive motion to be filed by March 22, 2012 and "Defendant's opposition and cross-motion to be filed by April 12, 2012." Id.  The Court reminded the parties that the PSO "shall not be modified except by leave of court upon a showing of good cause."  Id.  Later, the Court issued an Order Continuing Trial.  (ECF No. 46).  The Court's Order Continuing Trial did not amend the dispositive motion timeline.

1

Defendant filed its Motion for Summary Judgment over seven months after the dispositive motion deadline in the PSO passed. Accordingly, the Court strikes Defendant's Motion for Summary Judgment.

**ANALYSIS**

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure empower the Court to sanction violations of a scheduling order.[1] Specifically, Rule 16 permits the Court to "issue any just orders . . . if a party or its attorney fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "[T]he court has discretion to impose whichever sanction it feels is appropriate under the circumstances[,]" including "striking a pleading." Fed. R. Civ. P. 16 advisory committee's notes.

The Court ordered Defendant to file all dispositive motions by April 12, 2012, but Defendant flouted the deadline. Defendant failed to file any motions requesting an extension on the dispositive motion's deadline. Defendant filed the Motion for Summary Judgment seven months after the deadline passed without addressing the delay in any way. (ECF No. 50). Defendant did not provide any reasons for the late filing in its 17-page motion. Id. Because Defendant failed to seek the Court's consent or provide good cause for delay in compliance with Rule 16, the Court will not consider Defendant's Motion for Summary Judgment.

///

---

[1] All further references to "Rule" or "Rules" are references to the Federal Rules of Civil Procedure unless stated otherwise.

Additionally, Defendant will not suffer substantial prejudice from the Court's decision to strike its Motion for Summary Judgment. Defendant already filed a Motion for Summary Adjudication (ECF No. 24), which the Court denied on April 15, 2011.

## CONCLUSION

Defendant failed to comply with the Court's PSO, as such Defendant's Motion for Summary Judgment is STRICKEN and the Court will not consider it.  Because the Court did not consider the merits of the Defendant's Motion for Summary Judgment, it is not necessary for the Court to address Defendant's request for terminating sanctions.

IT IS SO ORDERED.

Dated:  January 17, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT