IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LISA ROBINSON, | ) | No. 2:10-cv-03187-SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING DEFENDANT'S |
| vs. | ) | BILL OF COSTS |
| | ) | |
| KIA MOTORS AMERICA, INC., a | ) | |
| California corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER REGARDING DEFENDANT'S BILL OF COSTS**

I.        **INTRODUCTION.**

On February 24, 2007, Plaintiff Lisa Robinson purchased a new 2007 Kia Sportage, which was accompanied by written and implied warranties from Defendant Kia Motors America, Inc.  Lisa Robinson brought suit against KIA, alleging that the vehicle had a number of defects covered by warranty, and that KIA had violated California's Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act by refusing to buyback or replace the vehicle after failing to repair it.  KIA prevailed at trial on both claims, then filed a Bill of Costs in which it requested reimbursement from Lisa Robinson of $6007.51 in costs.  Lisa Robinson has objected to KIA's Bill of Costs.  This court elects to decide this matter without a hearing.

After careful consideration of KIA's Bill of Costs and

the supporting and opposing memoranda, this court sustains in part and overrules in part Lisa Robinson's objections and awards costs in the reduced amount of $2,381.45, as discussed below.

**II.      ANALYSIS.**

"Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 292(f) govern the taxation of costs, other than attorney's fees, awarded to the prevailing party in a civil matter." Jones v. County of Sacramento, No. CIV S-09-1025 DAD, 2011 WL 3584330, at *1 (E.D. Cal. Aug. 12, 2011).  Rule 54(d)(1) provides in relevant part, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

"The Supreme Court has interpreted Rule 54(d)(1) to require that district courts consider only those costs enumerated in 28 U.S.C. § 1920." Id. (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).  Section 1920 permits this court to tax the following as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this
       title;

(6)    Compensation of court appointed experts,
       compensation of interpreters, and
       salaries, fees, expenses, and costs of
       special interpretation services under
       section 1828 of this title.

"'By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs.'" Warkentin v. Federated Life Ins. Co., No. 1:10-CV-00221-SAB, 2015 WL 3833857, at *1 (E.D. Cal. June 19, 2015) (quoting Ass'n of MexicanAmerican Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000)).  "The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party." Randhawa v. Skylux Inc., No. CIV. 2:09-2304 WBS, 2012 WL 3834861, at *1 (E.D. Cal. Sept. 4, 2012) (citing Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998)).  "If the court declines to award costs as requested by the prevailing party it should specify its reasons for doing so." Lasic v. Moreno, No. 2:05-CV-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007) (citing Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002)).

KIA seeks taxation of $6,007.51 in costs, itemized as follows:

A.    Fees of the Clerk:  $350.00

B.    Fees for service of summons and

subpoena:  $485.40

C.   Fees for printed or electronically
recorded transcripts necessarily
obtained for use in the case:  $1,797.82

D.   Fees and disbursements for printing:
$1,400.10

E.   Fees for witnesses:  $947.20

F.   Fees for exemplification and the costs
of making copies of any materials where
the copies are necessarily obtained for
use in the case:  $462.49

G.   Docket fees under 28 U.S.C. § 1923:
$20.00

H.   Other costs:  $544.50

Total:  $6,007.51

ECF No. 159.

Lisa Robinson does not dispute that KIA is the

prevailing party, but she objects to most of KIA's requested

costs.  See ECF No. 160.

   **A.   Fees of the Clerk.**

Section 1920(1) permits a prevailing party to recover

"[f]ees of the clerk[.]"  28 U.S.C. § 1920(1).  KIA seeks $350.00

in filing fees relating to its removal of the present action to

this court.  See ECF No. 159.  Lisa Robinson has not objected to

this requested amount, nor is there anything in the record

indicating that KIA should not recover this fee paid.  KIA is

entitled to an award of its filing fees in the amount of $350.00.

4

**B.    Fees for Service of Summons and Subpoena.**

KIA seeks to recover the costs it incurred for the service of subpoenas for Lisa Robinson's and Kevin Robinson's telephone records.  <u>See</u> ECF No. 159-1.

Recovery of fees for the service of summons and subpoenas is permitted by 28 U.S.C. § 1920(1) and Local Rule 292(f)(2).  Local Rule 292(f)(2) permits the taxation of costs for "Marshal's fees and fees for service by a person other than the Marshal under Fed. R. Civ. P. 4 to the extent they do not exceed the amount allowable for the same service by the Marshal (28 U.S.C. §§ 1920(1), 1921)."

KIA has not demonstrated that its requested fees do not exceed the U.S. Marshal's fees for service, as required by Local Rule 292(f).  <u>See, e.g.</u>, <u>Gregory v. Allied Prop. & Cas. Ins. Co.</u>, No. CIV S-10-1872 KJM EF, 2013 WL 949529, at *1 (E.D. Cal. Mar. 11, 2013) (sustaining objection to recovery of fees for service because prevailing party failed to comply with Local Rule 292(f) regarding U.S. Marshal's fees for service).  The Marshal's fees are established by regulation at an hourly rate.  <u>See</u> 28 C.F.R. § 0.114.  Here, because the length of time required for the service effected is not indicated by KIA, the Marshal's fees for service cannot be calculated by this court.  Lisa Robinson's objection to the taxation of this cost is therefore sustained.

C.    **Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case.**

Lisa Robinson asserts that KIA is not entitled to recover its costs relating to her deposition or the depositions of Kevin Robinson and Thomas Lepper.  See ECF No. 160, at 2-4.

"'A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition.'"  Taylor v. Albina Cmty. Bank, No. CV-00-1089-ST, 2002 WL 31973738, at *8 (D. Or. Oct. 2, 2002) (quoting Frederick v. City of Portland, 162 FRD 139, 143 (D. Or. 1995)).  "Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination."  U.S. ex rel. Berglund v. Boeing Co., No. 03:02-CV-193-AC, 2012 WL 697140, at *2 (D. Or. Feb. 29, 2012) (citing Arboireau v. Adidas Salomon AG, No. 01-105-ST, 2002 WL 31466564, at *5 (D. Or. June 14, 2002)).  "The cost of a deposition not used at trial still may be recovered 'if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion.'"  Berglund, 2012 WL 697140, at *2 (citation omitted).  See also Indep. Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d

6

656, 678 (9th Cir. 1963) ("If the depositions were merely useful for discovery then they were not taxable items and their expense should have been borne by the party taking them, as incidental to normal preparation for trial." (citation omitted)). "Disallowance of expenses for depositions not used at trial is within the district court's discretion." Id.

This court finds that it was necessary for KIA to take Lisa Robinson's deposition. Lisa Robinson was a critical witness in the prosecution of her lemon law case, alleging among other things that KIA had refused her request for KIA to buyback or replace her vehicle after she had tried to have it repaired by an authorized KIA repair facility. Because Lisa Robinson's case hinged on her own testimony at trial, it was reasonably necessary for KIA to depose Lisa Robinson and to obtain a certified transcript of her deposition in case KIA needed to use it to impeach her during trial. See Berglund, 2012 WL 697140, at *2 ("Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination."). Even if KIA had not ultimately needed to use the deposition transcript to impeach Lisa Robinson, the costs of Lisa Robinson's deposition and the certified transcript would still be awarded because these items appeared reasonably necessary at the time they were incurred by KIA. See Taylor, 2002 WL 31973738, at *8 (deposition "must only be reasonably necessary at the time it was taken,

without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition" (citation and quotation marks omitted)).

KIA is not entitled to its costs relating to Kevin Robinson's deposition.  KIA argues that these costs were necessary because Kevin Robinson was technically a plaintiff until dismissed by Lisa Robinson on the second day of trial.  See ECF No. 162, at 2.  Lisa Robinson explains that she notified KIA prior to the deposition that the Robinsons' marriage had already been dissolved prior to her repair visits with KIA, that Kevin Robinson had only driven the vehicle a few times before the divorce, and that Lisa Robinson was the sole owner of the vehicle through the order of dissolution.  See ECF No. 160, at 8.

KIA does not dispute that it was notified of these facts prior to the deposition.  See ECF No. 162.  At the deposition, Kevin Robinson confirmed what KIA had been told by Lisa Robinson, and made clear to KIA that he had no interest in the lawsuit and was not involved in the lawsuit or the underlying events.  See ECF No. 96-3.

Given KIA's knowledge prior to the deposition that Kevin Robinson, while a named plaintiff, was not seeking any recovery from KIA, KIA has not shown that the taking of his deposition was reasonably necessary in light of the facts known to counsel at the time it was taken.  See Taylor, 2002 WL

8

31973738, at *9.  Kevin Robinson's inclusion in the case caption as a plaintiff is insufficient, without more, to establish that the costs for obtaining his deposition transcript were necessarily obtained for use in the case.  This court denies the costs for Kevin Robinson's deposition.

KIA seeks to recover costs it incurred in relation to two deposition dates for Lisa Robinson's expert, Thomas Lepper.  See ECF No. 159-6.

This court sustains Lisa Robinson's objection to the taxation of the $81.90 that KIA allegedly incurred in connection with its first attempt to depose Lepper on May 17, 2012.  KIA noticed this deposition without first confirming with Lisa Robinson that her counsel or Lepper would be available on the date specified in the notice.  See ECF No. 160, at 8-9.  Although Lisa Robinson notified KIA prior to this date that neither her counsel nor Lepper would be able to attend the deposition, KIA nonetheless went forward with the deposition and had the court reporter make a record of Lepper's nonappearance.  See ECF No. 162, at 3.  KIA offers no explanation for why this was necessary.  KIA could have avoided these costs by working with Lisa Robinson to reschedule Lepper's deposition.

This court grants KIA its costs for its deposition of Lepper on August 14, 2012.  See ECF No. 159-10.  Lisa Robinson contends that Lepper's detailed expert report obviated any need

for Kia to depose Lepper to discover his findings and opinions.
<u>See</u> ECF No. 160, at 3.  But it was reasonably necessary for KIA
to take the deposition of Lepper to test the strengths and
weaknesses of the opinions expressed in his report, and to try to
develop evidence to impeach or rebut Lepper on the stand.  This
court awards KIA its deposition costs for Lepper under § 1920(2).

However, this court reduces the costs taxed for Lisa
Robinson's and Thomas Lepper's depositions to the extent they
include fees for shipping and handling.  <u>See</u> ECF Nos. 159-7, 159-
10.  "[T]he fees sought for shipping and handling are not
recoverable because 28 U.S.C. § 1920 does not provide for an
award for such services."  <u>Secalt S.A. v. Wuxi Shenxi Const.</u>
<u>Mach. Co., Ltd.</u>, No. 2:08-CV-336 JCM GWF, 2010 WL 5387576, at *1
(D. Nev. Dec. 21, 2010) (citing <u>Frederick v. City of Portland</u>,
162 F.R.D. 139 (D. Or., 1995), <u>aff'd in part, rev'd in part on</u>
<u>other grounds by</u> 668 F.3d 677 (9th Cir. 2012)).  KIA does not
provide any rebuttal argument with regard to the delivery fees.
Also, because KIA fails to explain why a CD was necessary, its
requested costs for Lepper are further reduced by $10.00 for the
"Exhibits/CD" charge.

KIA is entitled to recover a total of $1320.15 for
deposition transcripts.

D.    **Photocopying Fees**.

Lisa Robinson objects to KIA's request, pursuant to § 1920(3), for printing costs of $1,400.10 for 1,604 color copies at .50¢ per page and 5,981 black-and-white copies at .10¢ per page.  See ECF No. 160, at 4.  KIA submitted a spreadsheet in support of its request that itemized printing jobs purportedly for this case by their date, dollar amount, and whether they were printed in black-and-white or color.  See ECF No. 159-11.

This court notes that 28 U.S.C. § 1920(3) provides for costs for "disbursements for printing," but unlike other subsections in § 1920, does not expressly state that the cost of printing must be "necessarily obtained" for a prevailing party to recover these costs.  It would make little sense to read § 1920 as permitting a prevailing party to recover any and all printing costs for a matter, even if they were excessive and unnecessarily incurred.

Other courts who have addressed the taxation of photocopying costs under § 1920 generally require the prevailing party to show that the photocopying costs were necessary to the case.  See, e.g., Competitive Techs. v. Fujitsu Ltd., No. C-02-1673 JCS, 2006 WL 6338914, at *7-8 (N.D. Cal. Aug. 23, 2006); A.H.D.C. v. City of Fresno, No. CIV-F-97-5498 OWW, 2004 WL 5866234, at *7 (E.D. Cal. Oct. 1, 2004).  These cases "draw a distinction between those expenses necessary to the action and

11

those intended for the convenience of counsel." <u>Gregory</u>, 2013 WL 949529, at *1 (citing <u>Willnerd v. Sybase, Inc.</u>, No. 1:09—cv—00500—BLW, 2012 WL 175341, at *6 (D. Idaho Jan. 20, 2012)); <u>A.H.D.C.</u>, 2004 WL 5866234, at *7 ("[t]his court will only allow photocopying charges that were necessary for discovery and for trial presentation and will not allow photocopying charges for the convenience, preparation, research, or records of counsel" (citation omitted)). "Courts have held that 'extra copies of filed papers, correspondence, and copies of cases' are not 'necessarily obtained for use in the case' but rather, are for the convenience of attorneys and thus are not allowable." <u>Competitive Techs.</u>, 2006 WL 6338914, at *7-8 (citations omitted). <u>See also</u> <u>Berglund</u>, 2012 WL 697140, at *4 ("recoverable copying costs do not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys" (citation and quotation marks omitted)).

KIA acknowledges that it must show that its printing costs were necessary, and argues that it is sufficient that "KMA's counsel has verified that fees for printing include only those which were necessary for the case." <u>See</u> ECF No. 162, at 5. However, "a party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient." <u>Reg'l Care Servs. Corp. v. Companion Life Ins. Co.</u>, No.

CV-10-2597-PHX-LOA, 2012 WL 2260984, at *6 (D. Ariz. June 15,
2012) (quoting <u>Berglund</u>, 2012 WL 697140, * 4).

In fact, the spreadsheet submitted by KIA in support of
its photocopying costs does not provide sufficient detail to show
that any of the photocopies it made were necessarily incurred.
The spreadsheet contains no description as to the types of
documents printed or their purpose in the litigation.  <u>See</u> ECF
No. 159-11.  Although there is a "Narrative" field in the
spreadsheet for each print job, these entries generically state
that the job was an "Accrued in-house color document print" or
"Accrued in-house B&W document print."  <u>See id.</u>  There is also a
"Task" field for each job, but this field only classifies each
task as either "E101" or "E102" without any further explanation
of what those codes mean.  <u>See id.</u>

KIA attempts to explain these costs by stating that the
photocopy jobs coincided in time with the filings of the parties'
motions in limine and preparation for trial.  <u>See</u> ECF No. 162, at
4-5 ("The printing costs incurred between April 22 and May 19,
2015 directly coincide with the filings of the parties' motions
in limine, oppositions to those motions and replies to those
motions.  The printing costs incurred between June 13 and 24,
2016 coincide with the preparation for the trial which started on
June 29, 2016.").  Notably, KIA never actually says that the
printing costs were for these tasks, or were not copies for

13

counsel's convenience.  <u>See id.</u>

It is unclear why KIA needed to incur nearly $500.00 in color copying costs for approximately 1,000 color copies around the time of the parties' motions in limine.  Having reviewed the parties' motions in limine, as well as their responses, replies, and the accompanying memoranda and exhibits, this court notes that there were only a handful of pages that might have required color printing.  A few exhibits to Lisa Robinson's motions in limine included highlighted portions of written interrogatories.  But there were no other exhibits such as photographs or spreadsheets that were in color.  Nor does KIA explain why any of the evidentiary issues raised by the motions in limine necessitated the large volume of color copies it printed around the time of the motions in limine.

This case was a relatively uncomplicated matter that involved two claims with largely overlapping legal elements and a relatively small amount of evidence.  Given the size and complexity of this case, it is unclear to this court why KIA needed to make 1,604 color copies and 5,981 black and white copies for the parties' motions in limine and KIA's trial preparation.  Because KIA has not adequately explained the nature of the photocopying costs, this court cannot determine which costs, if any, are properly awardable.

This court is, of course, not saying that KIA did not

actually have necessary copying costs.  KIA submitted exhibit
binders during trial and, while some of the contents of the
binders might arguably have been unnecessary, some of the
contents were certainly necessary.  However, KIA has not itself
taken the time to identify what portions of the binders were
necessary and what the applicable chargers were.  In fact, this
court cannot tell which entries or charges listed in pages
attached to KIA's filings relate to the exhibit binders.  Under
these circumstances, KIA does not show which copying costs should
be awarded, and this court awards none.

> **E.   Witness Fees.**

Lisa Robinson objects to the witness fees that KIA
requests for Chris Valenti, Doug Peterson, and Thomas Lepper.
See ECF No. 160, at 5.

KIA asserts that it paid Thomas Lepper $875.00 for his
deposition.  KIA says that, at the very least, it is entitled to
recover $255.90 of that amount as statutory witness fees pursuant
to §§ 1920(3) and 1821, including $40.00 per diem and the mileage
rate for 389 miles of travel to and from the deposition.  See ECF
No. 159-1, at 2; ECF No. 159-14.  Lisa Robinson objects because
"[t]he fees paid to Mr. Lepper were not 28 U.S.C. § 1920(3)
witness fees."  See ECF No. 160, at 5.  KIA does not refute this
objection.  See ECF No. 162, at 5.  KIA instead insists that any
fees it paid to Thomas Lepper can be taxed as if KIA paid per

15

diem and mileage fees under § 1821.  This court sustains Lisa
Robinson's objection.

Under §§ 1920 and 1821, the taxation of a cost is
permitted when the prevailing party has paid for that particular
item.  Under 28 U.S.C. § 1920(3), a prevailing party may recover
witness fees subject to the provisions of 28 U.S.C.
§ 1821.  Section 1821(a) provides that fees and allowances may be
paid to a witness "in attendance at any court of the United
States, or before a United States Magistrate Judge, or before any
person authorized to take his deposition pursuant to any rule or
order of a court of the United States."  Section 1821(b)
provides, "A witness shall be paid an attendance fee of $40 per
day for each day's attendance."  This statute further provides,
"A travel allowance equal to the mileage allowance which the
Administrator of General Services has prescribed, pursuant to
section 5704 of title 5, for official travel of employees of the
Federal Government shall be paid to each witness who travels by
privately owned vehicle."

"Under these provisions, additional amounts paid as
compensation, or fees, to expert witnesses cannot be allowed or
taxed as costs in cases in the federal courts" unless the expert
witness is appointed by the court.  Henkel v. Chicago, St. P., M.
& O. Ry. Co., 284 U.S. 444, 446 (1932) (discussing predecessor
statutes to 28 U.S.C. §§ 1920 and 1821) (citations omitted)).

16

KIA can only recover for the statutory per diem and mileage fees that it paid to Thomas Lepper, but not for additional amounts it paid as compensation or fees.

KIA has not shown that it actually paid Thomas Lepper for his per diem attendance and mileage.  Although KIA submits as evidence a check it allegedly paid to Lepper in the amount of $875.00, KIA does not break down what the payment included.  This court therefore cannot tell whether it included mileage and attendance, or whether it covered only Lepper's time.  That is, this court cannot tell whether Lepper claimed or KIA paid the $40.00 witness fee or mileage.  <u>See</u> ECF No. 159-14.  KIA is not entitled to recover any per diem or mileage costs that KIA fails to show it incurred in the first place.

Lisa Robinson also argues that KIA's request for the $40.00 per diem costs for Valenti and Peterson as well as Peterson's mileage costs should be denied because KIA failed to provide proof that it made these payments.  <u>See</u> ECF No. 160, at 5.  Unlike with Lepper, however, there is no suggestion that what KIA paid Peterson and Valenti could have been for anything other than the per diem witness fee and mileage fee.  The affidavit by KIA's counsel states that KIA actually incurred the costs it requests for Valenti and Peterson.  <u>See</u> ECF No. 159.  This court has no reason to doubt that KIA actually incurred costs it says it incurred.  This court therefore concludes that the affidavit

17

is sufficient to establish KIA's entitlement to the taxation of its witness costs for Peterson and Valenti.

KIA is entitled to $691.30 in witness fees.

**F.    Exemplification Fees.**

KIA lists as exemplification fees the amounts it paid for certified copies of Kevin Robinson's and Michele Cameron's deposition transcripts, as well its costs to make three demonstrative exhibits for trial.  See ECF No. 159-1.

This court denies KIA's request to recover costs for Kevin Robinson's certified deposition transcript because, as discussed above, the deposition itself was not necessary.  KIA already had a certified transcript of his deposition that it had ordered in 2011.  See ECF No. 159-8.  KIA may have ordered an additional certified transcript to submit during trial proceedings, but this was an unnecessarily incurred cost given KIA's knowledge that Kevin Robinson had no interest in the case. Moreover, the bulk of the cost of this additional certified transcript was for overnight shipping and handling, which KIA has neither demonstrated is awardable under 28 U.S.C. § 1920 or necessary for its case.  The court does not award any costs relating to the "exemplification fee" for a second copy of Kevin Robinson's certified deposition transcript.

This court also denies KIA its costs for the certified transcript of Michele Cameron's deposition.  Lisa Robinson

18

designated portions of Michele Cameron's transcript to be read
into evidence.  <u>See</u> ECF No. 135.  KIA counter-designated portions
of Cameron's deposition transcript "for laying the foundation for
the witness, for completeness of plaintiffs' designations and for
providing the context of plaintiffs' designations."  ECF No. 143,
at 2-3.  KIA argues that its counter-designation of portions of
Cameron's deposition testimony necessitated its having to order a
certified copy of her deposition transcript.  <u>See</u> ECF No. 162, at
5-6.  However, Lisa Robinson had filed a complete copy of
Cameron's deposition before KIA filed its counter-designation.
ECF No. 135-1.  KIA could have used the transcript already in the
case file.  Moreover, if Cameron's deposition were read at trial,
Lisa Robinson, as the plaintiff, would have used Cameron's
deposition transcript, and KIA could have used the same
transcript when its counter-designations were read.  In fact,
this court's experience is that, when deposition readings occur
during trial, the reading is usually from a transcript copy
prepared by attorneys, who have highlighted, blacked out, or
otherwise marked the copy for ease of reading.  That process
would not have required KIA to have its own full certified
transcript copy in addition to the copy Robinson had already
filed.[1]

---

[1] This court notes that, even if these costs were taxed,
they would be reduced by $55.00 for the shipping and handling
fees.

19

KIA also seeks costs for three demonstrative poster boards, including a time/mileage chart to show the use of the vehicle during the period in which Lisa Robinson attempted to have it repaired, a list of the types of repairs attempted by the dealership, and a list of possible reasons for the air conditioner malfunction.  See ECF No. 162, at 7.

The costs of demonstrative exhibits, including visual aids used at trial, are permitted as "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  See, e.g., Jo Ann Howard & Assocs., P.C. v. Cassity, 146 F. Supp. 3d 1071, 1086 (E.D. Mo. 2015) ("Demonstrative exhibits fall within the ambit of 'exemplification' under the Court's plain language interpretation of the term" in 28 U.S.C. § 1920(4) (citation omitted)).  "[E]ven if the demonstrative exhibits qualify as an exemplification, they must still have been 'necessarily obtained.'"  Id. (citations omitted).

These costs are denied because KIA has not shown that the demonstrative exhibits were necessarily obtained for use in the case.  KIA could have presented these exhibits to the jury free of charge via the electronic display system in the courtroom.  See id. at 1087 (denying costs for demonstrative exhibits in part because "they could have been presented to the jury free of charge via the electronic display system in the

courtroom").   KIA knew or should have known that it could use the court's audio/visual resources to display electronic demonstrative exhibits well before KIA incurred the cost of having its demonstrative exhibits made.   See ECF Nos. 129, 159-17.

### G.   Docket Fees.

KIA seeks to recover $20.00 in docket fees pursuant to 28 U.S.C. § 1920(5) and 28 U.S.C. § 1923.   See ECF No. 159. Section 1923(a) provides:   "Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases[.]"   Lisa Robinson has not objected to the taxation of this cost.   This court grants KIA's request to recover its docket fees of $20.00.

### H.   Other Fees.

Finally, KIA seeks $544.50 for the filing of its Answer in Sacramento County Superior Court before it removed the case to federal court.   See ECF Nos. 2, 159.

Although federal filing fees may be recovered under 28 U.S.C. §§ 1920(1) and 1923, "neither statute provides for taxing clerk's fees paid to state courts, and district courts are constrained by the federal statutes delineating taxable costs." Gregory, 2013 WL 949529, at *2 (citing Crawford, 482 U.S. at

442).  This fee is therefore denied.

**III.       CONCLUSION.**

KIA is entitled to $2,381.45 as costs ($350.00 for fees of the clerk, $1320.15 for fees for deposition transcripts, $691.30 for witness fees, and $20.00 for docket fees).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 25, 2016.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Robinson v. Kia Motors America, Inc., No. 2:10-cv-03187-SOM; ORDER REGARDING
DEFENDANT'S BILL OF COSTS